McCURDY *v.* STEVENS.

(Decided July 23, 1928.)

*Mr. Wm. Jerome Kuertz* and *Mr. David V. Attig,* for plaintiff in error.
*Mr. W. Donald Hall,* for defendant in error.

HAMILTON, P. J.   Defendant in error here, Fred L. Stevens, brought suit against the plaintiff in error, Joe McCurdy, in the municipal court of Cincinnati, on several promissory notes signed by the plaintiff in error, claimed to have been executed and delivered by McCurdy to the Bernard Manufacturing Company of Iowa City, Iowa, in payment for three radio sets.

Stevens claimed to have purchased the notes from the Bernard Manufacturing Company, and claims to be the owner and holder in due course of the notes, as indorsee.

The defense was a denial that Stevens was a *bona fide* owner and holder for value before maturity, and at the trial defendant gave evidence to the effect that the goods were not as represented, were of an obsolete character and unsalable, and he claimed that he was made to believe when he signed the notes that he was signing a consignment order only; that there

was a contract attached to the notes; that he (McCurdy) was very busy in his store at that time; that the contract was laid before him, the salesman informing him that it was a consignment order; that a blotter was used to cover up the notes; and that he was showed where to sign.

The trial court entered judgment for the defendant, McCurdy. Stevens prosecuted error to the court of common pleas, which court reversed the municipal court, and remanded the case for a new trial. McCurdy prosecutes error from the judgment of the court of common pleas reversing the municipal court.

The important question in the case is whether or not Stevens was a holder in due course as indorsee, entitling him to the protection of the law as a holder in due course, under the facts in the case.

Stevens' deposition was taken, and is in the record. The deposition shows that Stevens was put under a severe and extended cross-examination by counsel representing McCurdy. To review his evidence would extend this memorandum to an unjustifiable length. It is sufficient to say that his evidence leads to the conclusion that he was either an interested party in the business or a medium through which the Bernard Manufacturing Company sought to avoid liability for errors of their salesmen. In other words, Stevens' testimony is wholly inconsistent with his claim of being a holder in due course as indorsee without notice of defenses.

We therefore find, and so hold, that McCurdy was entitled to set up any defense to the notes that he might have set up against the payee.

In some of its features, this case is not unlike the case of *Bank of Buffalo* v. *Wendel,* 100 Ohio St., 47,

125 N. E., 111. The case at bar, however, is much stronger against the claim that the holder is a holder in due course than the *Bank of Buffalo case.* In *Bank of Buffalo* v. *Wendel,* it appears that Wendel, in purchasing jewelry from a firm in Buffalo, that did business as Boasberg Sons & Co., executed certain notes in payment for goods. Whereupon, the Boasbergs, as was their custom, turned the notes over to the Bank of Buffalo, which bank would undertake to collect the notes, as holder in due course by indorsement. The Supreme Court, in commenting on this arrangement, stated:

"That the course of dealing between the Bank of Buffalo and the Boasbergs and their customers was unusual, to say the least, appears from the cross-examination of some of the plaintiff's witnesses."

The same thing could well be said of the case at bar, that the course of dealing between Stevens and the Bernard Manufacturing Company and the bank, where Stevens kept the account concerning the notes as the Bernard Manufacturing Company-Stevens account, was unusual to say the least.

Stevens' counsel contends that he was taken by surprise at the trial, not anticipating that the defense would be misrepresentation, fraud, and deception; that he sought time in which to meet this question, which was denied him. He contends that the answer to the bill of particulars fails to disclose any such defense, and he sought to keep out this evidence on the ground that it was not pleaded in the answer. Strict pleading is not required in municipal court cases, and we are of opinion that the answer covered the question sufficiently to entitle the defendant to make the defense.

However, we feel that, in the interest of justice, Stevens was entitled to meet the defense of fraud and misrepresentation in the procuring of the contract with the notes attached, and he should be permitted an opportunity to do so. For this reason, the judgment of the court of common pleas remanding the case to the municipal court for a new trial will be affirmed.

*Judgment affirmed.*

MILLS and CUSHING, JJ., concur.